UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x

CLAUDE RUFFIN AND ALI SHABAZZ,

                        Plaintiff,

       -against-

THE CITY OF NEW YORK, ET AL.,

                        Defendants.

------------------------------------------------------- x

16-cv-1538-KAM-RLM

<u>ANSWER</u>

<u>JURY TRIAL DEMANDED</u>

        Defendant The City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their answer to the Complaint, dated March 29, 2016 (the "complaint") respectfully:

        1.      Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiffs have commenced an action as stated therein.

        2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

        3.      Denies the allegations set forth in paragraph "3" of the complaint, except admits on information and belief that Ruffin was arrested and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of any criminal charges.

        4.      Denies the allegations set forth in paragraph "4" of the complaint, except admits on information and belief that Shabazz was arrested, and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of any criminal charges.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that plaintiffs purport to base venue in this district as stated therein.

8. States that the allegations set forth in paragraph "8" of the complaint do not contain any statement of facts which require a response.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "11" of the complaint.

12. Admits the allegations in paragraph "12" of the complaint.

13. Admits the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiffs purport to proceed as stated therein.

16. States that the allegations set forth in paragraph "16" of the complaint do not contain any statement of facts which require a response.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "17" of the complaint, except states that the allegations that

defendants "were acting under color of state law" are legal conclusions to which no response is required.

18. Denies the allegations in paragraph "18" of the complaint

19. Denies the allegations in paragraph "19" of the complaint, except states that the allegations that defendant police officers "were acting under color of state law" are legal conclusions to which no response is required.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "22" of the complaint, except admits, on information and belief, that Ruffin was in a room at the Borden Avenue Residence on 21-10 Borden Avenue at some point on December 31, 2014.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "23" of the complaint.

24. Denies the allegations in paragraph "24" of the complaint

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "25" of the complaint.

26. Denies the allegations in paragraph "26" of the complaint

27. Denies the allegations in paragraph "27" of the complaint

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "28" of the complaint.

29. Denies the allegations in paragraph "29" of the complaint

30. Denies the allegations in paragraph "30" of the complaint

31. Denies the allegations in paragraph "31" of the complaint

32. Denies the allegations in paragraph "32" of the complaint

33. Denies the allegations in paragraph "33" of the complaint

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "34" of the complaint.

35. Denies the allegations in paragraph "35" of the complaint

36. Denies the allegations in paragraph "36" of the complaint

37. Denies the allegations in paragraph "37" of the complaint

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "38" of the complaint, except admits on information and belief that Ruffin was arrested.

39. Denies the allegations in paragraph "39" of the complaint

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "40" of the complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "41" of the complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "42" of the complaint., except admits on information and belief that Shabazz was present in the Borden Avenue Residence on 21-10 Borden Avenue.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "43" of the complaint.

44. Denies the allegations in paragraph "44" of the complaint, except admits on information and belief that Shabazz was present in the hallway while Ruffin was arrested.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "45" of the complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46" of the complaint.

47. Denies the allegations in paragraph "47" of the complaint

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "48" of the complaint, except admits on information and belief that Shabazz was arrested.

49. Denies the allegations in paragraph "49" of the complaint

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "50" of the complaint.

51. Denies the allegations in paragraph "52" of the complaint

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "52" of the complaint.

53. Denies the allegations in paragraph "53" of the complaint

54. Denies the allegations in paragraph "54" of the complaint

55. Denies the allegations in paragraph "54" of the complaint.,

56. In response to the allegations set forth in paragraph "56" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

57. Denies the allegations in paragraph "57" of the complaint

58. Denies the allegations in paragraph "58" of the complaint

59. Denies the allegations in paragraph "59" of the complaint

60. Denies the allegations in paragraph "60" of the complaint

61. Denies the allegations in paragraph "61" of the complaint.

62. In response to the allegations set forth in paragraph "62" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

63. Denies the allegations in paragraph "63" of the complaint

64. Denies the allegations in paragraph "64" of the complaint

65. Denies the allegations in paragraph "65" of the complaint

66. Denies the allegations in paragraph "66" of the complaint.

67. In response to the allegations set forth in paragraph "67" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

68. Denies the allegations in paragraph "68" of the complaint, except states that the allegations regarding a duty are legal conclusions to which no response is required.

69. Denies the allegations in paragraph "69" of the complaint

70. Denies the allegations in paragraph "70" of the complaint

71. Denies the allegations in paragraph "71" of the complaint

72. Denies the allegations in paragraph "72" of the complaint

73. Denies the allegations in paragraph "73" of the complaint.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

75. Denies the allegations in paragraph "75" of the complaint

76. Denies the allegations in paragraph "76" of the complaint

77. Denies the allegations in paragraph "77" of the complaint

78. Denies the allegations in paragraph "78" of the complaint

79. Denies the allegations in paragraph "79" of the complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "80" of the complaint.

81. States that the allegations in paragraph "81" of the complaint are legal conclusions to which no response is required.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "82" of the complaint.

83. Denies the allegations in paragraph "83" of the complaint, except respectfully refers the Court to Title II of the Americans with Disabilities Act for a recitation of its contents.

84. States that the allegations in paragraph "84" of the complaint are legal conclusions to which no response is required.

85. States that the allegations in paragraph "85" of the complaint are legal conclusions to which no response is required.

86. States that the allegations in paragraph "86" of the complaint are legal conclusions to which no response is required.

87. States that the allegations in paragraph "87" of the complaint are legal conclusions to which no response is required.

88. Denies the allegations in paragraph "88" of the complaint

89. Denies the allegations in paragraph "89" of the complaint

90. Denies the allegations in paragraph "90" of the complaint

91. Denies the allegations in paragraph "91" of the complaint.

92. In response to the allegations set forth in paragraph "92" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

93. States that the allegations set forth in paragraph "93" of the complaint do not contain any statement of facts which require a response.

94. Denies the allegations in paragraph "94" of the complaint,

95. Denies the allegations in paragraph "95" of the complaint, except respectfully refers to 42 U.S.C. § 12203 for a recitation of its content.

96. Denies the allegations in paragraph "96" of the complaint, except respectfully refers to 42 U.S.C. § 12203 for a recitation of its content.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "97" of the complaint.

98. Denies the allegations in paragraph "98" of the complaint

99. Denies the allegations in paragraph "99" of the complaint

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "100" of the complaint.

101. Denies the allegations in paragraph "101" of the complaint

102. Denies the allegations in paragraph "102" of the complaint

103. Denies the allegations in paragraph "103" of the complaint.

104. In response to the allegations set forth in paragraph "104" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "105" of the complaint.

106. States that the allegations set forth in paragraph "106" of the complaint do not contain any statement of facts which require a response.

107. Denies the allegations in paragraph "107" of the complaint

108. Denies the allegations in paragraph "108" of the complaint, except respectfully refers to The Rehabilitation Act for a recitation of its contents.

109. States that the allegations in paragraph "109" are legal conclusions to which no response is required.

110. States that the allegations in paragraph "110" are legal conclusions to which no response is required.

111. Denies the allegations in paragraph "111" of the complaint

112. Denies the allegations in paragraph "112" of the complaint

113. Denies the allegations in paragraph "113" of the complaint

114. Denies the allegations in paragraph "114" of the complaint.

115. In response to the allegations set forth in paragraph "115" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

116. Denies the allegations in paragraph "116" of the complaint, except respectfully refers to the New York City Human Rights Law for a recitation of its contents.

117. Denies the allegations in paragraph "117" of the complaint, except respectfully refers to the New York City Human Rights Law for a recitation of its contents.

118. Denies the allegations in paragraph "118" of the complaint, except respectfully refers to the New York City Human Rights Law for a recitation of its contents.

119. Denies the allegations in paragraph "119" of the complaint, except respectfully refers to the New York City Human Rights Law for a recitation of its contents.

120. States that the allegations in paragraph "120" of the complaint are legal conclusions to which no response is required.

121. States that the allegations in paragraph "121" of the complaint are legal conclusions to which no response is required.

122. Denies the allegations in paragraph "122" of the complaint

123. Denies the allegations in paragraph "123" of the complaint

124. Denies the allegations in paragraph "124" of the complaint

125. Denies the allegations in paragraph "125" of the complaint.

126. In response to the allegations set forth in paragraph "126" of the complaint, defendant repeats the responses set forth in the previous paragraph.

127. Denies the allegations in paragraph "127" of the complaint, except respectfully refers to the New York State Human Rights Law for a recitation of its contents

128. States that the allegations set forth in paragraph "128" of the complaint are legal conclusions to which no response is required.

129. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "129" of the complaint.

130. Denies the allegations in paragraph "130" of the complaint

131. Denies the allegations in paragraph "131" of the complaint

132. Denies the allegations in paragraph "132" of the complaint

133. Denies the allegations in paragraph "133" of the complaint, except states that plaintiffs purport to proceed as stated therein.

134. In response to the allegations set forth in paragraph "134" of the complaint, defendant repeats the responses set forth in the previous paragraph.

135. Denies the allegations in paragraph "135" of the complaint

136. Denies the allegations in paragraph "136" of the complaint

137. Denies the allegations in paragraph "137" of the complaint

138. Denies the allegations in paragraph "138" of the complaint

139. Denies the allegations in paragraph "139" of the complaint

140. Denies the allegations in paragraph "140" of the complaint

141. Denies the allegations in paragraph "141" of the complaint

142. Denies the allegations in paragraph "142" of the complaint

143. Denies the allegations in paragraph "143" of the complaint

144. Denies the allegations in paragraph "144" of the complaint

145. States that the allegations in paragraph "145" of the complaint are legal conclusions to which no response is required.

146. States that the allegations in paragraph "146" of the complaint are legal conclusions to which no response is required.

147. States that the allegations in paragraph "147" of the complaint are legal conclusions to which no response is required.

148. States that the allegations in paragraph "148" of the complaint are legal conclusions to which no response is required.

149. Denies the allegations in paragraph "149" of the complaint

150. Denies the allegations in paragraph "150" of the complaint

151. States that the allegations set forth in paragraph "151" of the complaint is not a full sentence to which a response can be made.

152. States that the allegations set forth in paragraph "152" of the complaint are not allegations of fact which require a response.

153. Denies the allegations in paragraph "153" of the complaint

154. Denies the allegations in paragraph "154" of the complaint

155. Denies the allegations in paragraph "155" of the complaint

156. Denies the allegations in paragraph "156" of the complaint

157. Denies the allegations in paragraph "157" of the complaint

158. Denies the allegations in paragraph "158" of the complaint

159. Denies the allegations in paragraph "159" of the complaint

160. Denies the allegations in paragraph "160" of the complaint.

161. In response to the allegations set forth in paragraph "161" of the complaint,

defendant repeats the responses set forth in the previous paragraphs.

162. Denies the allegations in paragraph "162" of the complaint

163. Denies the allegations in paragraph "163" of the complaint

164. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "164" of the complaint.

165. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "165" of the complaint.

166. Denies the allegations in paragraph "166" of the complaint

167. Denies the allegations in paragraph "167" of the complaint.

168. In response to the allegations set forth in paragraph "168" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

169. Denies the allegations in paragraph "169" of the complaint

170. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "170" of the complaint.

171. Denies the allegations in paragraph "171" of the complaint

172. Denies the allegations in paragraph "172" of the complaint.

173. In response to the allegations set forth in paragraph "173" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

174. Denies the allegations in paragraph "174" of the complaint

175. Denies the allegations in paragraph "175" of the complaint

176. Denies the allegations in paragraph "176" of the complaint.

177. In response to the allegations set forth in paragraph "177" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

178. Denies the allegations in paragraph "178" of the complaint

179. Denies the allegations in paragraph "179" of the complaint

180. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "180" of the complaint.

181. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "181" of the complaint.

182. Denies the allegations in paragraph "182" of the complaint.

183. Denies the allegations in paragraph "183" of the complaint.

184. In response to the allegations set forth in paragraph "184" of the complaint, defendant repeats the responses set forth in the previous paragraphs.

185. Denies the allegations in paragraph "185" of the complaint

186. Denies the allegations in paragraph "186" of the complaint

187. Denies the allegations in paragraph "187" of the complaint, except states that plaintiffs purport to proceed as stated therein.

## FIRST AFFIRMATIVE DEFENSE

188. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

189. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## THIRD AFFIRMATIVE DEFENSE

190. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable or negligent conduct of third parties, and was not the proximate result of any act of defendant.

## FOURTH AFFIRMATIVE DEFENSE

191.  Plaintiffs provoked or were at fault for the incident.

## FIFTH AFFIRMATIVE DEFENSE

192.  Punitive damages cannot be assessed as against The City of New York.

## SIXTH AFFIRMATIVE DEFENSE

193.  There was probable cause to arrest plaintiffs.

## SEVENTH AFFIRMATIVE DEFENSE

194.  Plaintiffs failed to mitigate their alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE:

195.  To the extent that the complaint alleges any claims arising under the laws of the State of New York, such claims are barred in whole or in part by reason of plaintiffs' failure to comply with the requirements of the New York General Municipal Law, §§ 50-e, 50-h and/or 50-i.

## NINTH AFFIRMATIVE DEFENSE

196.  At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

WHEREFORE, defendant The City of New York demands judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

DATED: New York, New York
August 31, 2016

Respectfully submitted,

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
*Attorney for Defendant*
100 Church Street, Room 3-193
New York, New York 10007
(212) 356-3540
ejacobs@law.nyc.gov

/s
By: _____
Elissa B. Jacobs