**DAVID A. THOMPSON**
**STECKLOW & THOMPSON**

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL:     (212) 566-8000
FAX:     (212) 202-4952
DAVE@SCTLAW.NYC

January 31, 2016

VIA ECF
Chief Mag. Judge Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Ruffin, et al. v. The City of New York, et al.*, 16-cv-01538-KAM-RLM
             *Davis v. City of New York et al.*, 16-cv-01539-KAM-RLM

Dear Judge Mann:

      The plaintiffs in the above-captioned related actions submit this letter motion pursuant to Local Civil Rule 37.3, seeking to compel the defendants' compliance with the discovery served by the plaintiffs in this case. The plaintiffs' document demands and interrogatories in the Ruffin matter were served on October 6, 2016. Demands and interrogatories were served on behalf of Henry Davis on November 23, 2016. In most respects the Davis demands were similar to the previously-served Ruffin demands. Unfortunately, the defendants have yet to serve responses to either set of discovery demands.[1] The plaintiffs move for an order: 1) compelling full compliance with all demands and interrogatories, 2) directing that all objections are deemed waived, except for objections asserting privilege, and 3) directing that the defendants shall comply with Local Civil Rule 26.2 in providing a privilege log setting forth all such objections.

      In compliance with Local Rule 37.3, my office followed up with counsel for the defendants on or about January 6, 2017, which was the date of my return from winter vacation. Via email we scheduled a phone meeting, which was held on or about January 20th. There was no real dispute that responses were due. The defendants promised to provide responses by January 25th. No responses were forthcoming on that date. On Friday, I let the defendants know that if nothing was received by close of business today I would be compelled to raise these issues with the Court.

---

[1] As the Court is aware, counsel for the defendants suffered a death in the family on or about October 21, 2016. Some portion of the time that has passed since the service of the Ruffin demands on October 6th must therefore be considered to be on consent of the plaintiffs.

Because no response has been received, it is neither necessary nor possible to discuss particular deficiencies of the defendants' response; the failure to respond is absolute. Accordingly, the Court should issue an order compelling compliance.

In addition, the plaintiffs respectfully request that the Court issue an order deeming all objections to the demands and interrogatories waived. Such an order comports with the federal rules and local practices. "[T]here is consistent authority that a failure to serve timely responses to interrogatories and document requests serves as a waiver of objections." *Senat v. City of New York*, 255 F.R.D. 338, 339 (E.D.N.Y. 2009) (Pohorelsky, M.J.). *Accord Mirra v. Jordan*, 2016 U.S. Dist. LEXIS 28597, *4 (S.D.N.Y. Feb. 22, 2016) (Fox, M.J.) (deeming objections waived pursuant to Fed. R. Civ. P. 33(b)(4)); *Chevron Corp. v. Donziger*, 296 F.R.D. 168, 199 (S.D.N.Y. 2013) (objections to document requests waived).

In the context of this case, it is appropriate to deem objections waived. Discovery is currently set to end on February 28, 2017. Litigation over the propriety of objections to discovery could consume the rest of that time. Even if there is an extension of discovery, as there may be, the time in which to make use of discovery received will be limited, and should not be consumed in disputes. An order deeming objections waived would foreclose most such disputes. Similarly, an order directing the defendants to produce a privilege log (as already required by Local Rule 26.2), would help prevent disputes concerning privilege.

As a final matter, on October 6th, the plaintiff also served deposition notices. Without receipt of discovery responses, it has not been possible to proceed with depositions. The plaintiffs therefore request that the Court direct that the defendants produce all witnesses for deposition by the plaintiffs before the defendants may proceed with any depositions (as yet unnoticed) of the plaintiffs.

                                                                                   Respectfully submitted,
                                                                                   --//s//--

                                                                                   David Thompson
                                                                                   Attorney for Plaintiffs