

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

Elissa B. Jacobs
*Special Federal Litigation*
(212) 356-3540
(212) 356-3509 (fax)
ejacobs@law.nyc.gov

February 3, 2017

**By ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

>Re: Claude Ruffin, et ano., v. City of New York, et al.,
>1:16-cv-1538-KAM-RLM
>Henry Davis v. City of New York, et al.
>1:15-cv-1539-KAM-RML

Your Honor:

I am an Senior Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of The City of New York, representing the defendants in this action I am writing in response to plaintiffs' motions to Compel as well as the Court's Order to respond to said motions by today, February 3, 2017.

As an initial matter, I offer both my apologies and my thanks to plaintiffs' counsel in this matter. As the Court may be aware, I suffered a death in my family in late October of this year, shortly after it became clear that these cases were continuing with discovery. I was out of the office for several weeks, and was slow to return even when I was in the office. Plaintiffs' counsel was quite patient with these delays, and sought to come to a resolution without reaching out to the Court. I have been making efforts to complete the discovery, but my absence has caused a back-log of work, which regrettably prevented me from providing the discovery in even the extended period of time they allowed.

Defendants agree to produce the discovery by Friday, February 10, 2017, including a privilege log for any documents that are withheld. However, defendants oppose plaintiffs' request that all objections be deemed waived and instead request until February 10, 2017 to respond to these requests. While the Court may deem all objections waived, it is by no means a mandatory sanction and in these circumstances, defendants believe it would unnecessarily burden defendants to produce significant amounts of discovery that is not proportional to the

needs of this case, which has to do with the arrest of three plaintiffs, one of who is visually impaired. For example, plaintiffs request that defendants produce "all lawsuits and notices of claim within the last five years alleging a failure by the New York City Department of Homeless Services (DHS) or the Borden Avenue Veterans Residence to accommodate the disability of blind or visually-impaired residents." (Interrogatory No. 10). The City does not keep a database that records which notices of claim relate to these types of allegations, and so in order to respond to the request, defendants would have to go through thousands upon thousands of notices of claim in order to respond.

Defendants recognize that this may require an extension of time to complete discovery, in light of possible discovery disputes that may occur. However, given the number of individuals present on the scene, it is unrealistic to suggest that that the parties would be able to complete depositions by the end of February if only there were no discovery disputes to be had. Given my counsel's absence, I expect that the parties may need an extension of discovery in order to complete these depositions, irrespective of any discovery disputes that may occur.

In light of this defendants therefore oppose plaintiffs' motion to deem all objections waived. Thank you for your attention to this matter.

Respectfully submitted,

/s

Elissa B. Jacobs

cc: David Thompson Esq. **By ECF**
*Attorney for Plaintiffs*