# DAVID A. THOMPSON
# STECKLOW & THOMPSON

217 CENTRE STREET, 6TH FLOOR
NEW YORK, NEW YORK 10013
TEL: (212) 566-8000
FAX: (888) 566-7999
DAVE@SCTLAW.NYC

February 17, 2017

**VIA ECF**
Judge Roanne L. Mann
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Ruffin, et al. v. The City of New York, et al., 16-cv-01538-KAM-RLM
> Davis v. The City of New York, 16-cv-01539-KAM-RLM

Dear Judge Mann:

I write to provide the Court with a status report as to discovery, and to request judicial intervention with respect to certain discovery disputes.

On February 6, 2017, this Court ordered the defendants to respond to plaintiffs' discovery demands, and to provide a privilege log, by February 10, 2017. On February 10, the defendants provided responses to discovery, but not a privilege log,[1] in the form of electronic documents served by email. When I returned from vacation on Feb. 15th, I discovered that the responses to the document demands and interrogatories were defective and could not be opened. The defendants provided non-defective copies of these documents yesterday.

The parties have conferred and resolved several issues. However, certain other issues could not be resolved. Because I received legible copies of the 70-page responses to interrogatories and document demands yesterday after business hours, I have not had the ability to fully analyze the adequacy of the response. In following up after our conference today, counsel for the defendants has stated that she will provide supplemental information and updated responses next week, as well as clarification of the defendants' position on certain issues. The plaintiffs respectfully request that the Court accept a further status update next week, which may identify new issues requiring judicial resolution.

The defendants have taken the position that, although the Borden Avenue Veteran's Residence is entirely funded by funded by the New York City Department of Homeless Services

---

[1] Counsel for the defendants states that a privilege log will be provided by Tuesday, February 21st.

(DHS), and its operator ICL, is a City contractor, materials in the custody of the Residence are not within the "control" of DHS or the City of New York. The plaintiffs find this position to be frankly incredible. The facility is not simply a homeless facility which happens to be located in New York City. It is a facility operated on behalf of New York City under contract. The DHS assigns residents to the facility. The DHS processes residents' grievances related to their experiences at the facility. It is impossible to believe that the DHS lacks the ability to obtain information about the treatment of residents which the DHS has sent there, and whose care the DHS pays for. If DHS has the ability to obtain information in ICL's custody, then it has "control" over the information. Such information must be produced.

Some of the information in the custody of Residence, and the control of the City, may include further video of the incident. I have discussed production of this video more than once with defense counsel: most recently a couple of days before the previous round of letters to this Court. Defendants' counsel never informed me that defendants consider this video to be outside their custody. To the contrary, it was my understanding that counsel for the defendants would inquire about the existence of such video and produce it if it exists. This is very late in the game to suddenly announce that any material at the Residence will have to be obtained by subpoena. I could have sent subpoenas long ago had this position been communicated in a timely fashion. Instead, it was not until February 10th (or February 15th, when legible responses were provided), that the defendants' position on this was disclosed.

The relationship between ICL, the contractual operator of the Borden Residence, and DHS/the City must have been known to the defendants long before February 10, 2017. There are allegations about this relationship in the complaint (see, e.g., ¶129), which the defendants answered. The defendants took more than five months to answer the complaint. This means they must be presumed to have used that time to undertake investigation of the facts and circumstances of the case. Initial disclosures were due (not fully provided, but due) in September. Rule 26(a) imposes a duty on an attorney to learn basic facts about the parties the attorney represents. The plaintiffs respectfully renew their request that the defendants' objection that material possessed by the Borden Residence or ICL is not within their control be deemed waived and/or that the defendants be estopped to make the objection at this late date.

The defendants have produced nothing from the DHS itself. The defendants take the position, in response to several requests, that DHS policies or guidelines concerning how blind residents are to be dealt with are not relevant, and they refuse to disclose them. Finally, and apparently without really knowing the facts, defense counsel also guesses that ICL's policy might not be the same as that of DHS (a very unlikely possibility, given that ICL is DHS's contractual

agent), and thus argues that DHS policy is irrelevant for that reason. I am somewhat confounded that the defendants have picked this hill to die on, given that the volume of such policy material is presumably not large, and it is presumably kept somewhere accessible. The relevance of the material is obvious. The City of New York is a defendant to ADA claims. Both the NYPD and DHS are City agencies, and both are directly involved in this case. DHS housed Ruffin, the NYPD hit him. Mr. Ruffin's expectations as to how he would be treated during the encounter at issue (which began without his knowledge that he was dealing with police officers) would be formed by his exposure to DHS policies concerning treatment of blind people like himself. Moreover, the NYPD – who appear to lack detailed policies for dealing with blind people[2] – should have followed DHS policies (which are City policies) to the extent not inconsistent with safety. The defendants' weak relevance argument should be rejected or deemed waived.

Relatedly, but less shockingly, the defendants have refused to provide any claims, grievances or lawsuits against the NYPD or DHS relating to failure to accommodate blind people. A request for all claims of false arrest going back five years would produce a significant volume of material. The City usually prevails on objections to such requests. But this request is not the same. One presumes – one hopes – that the volume of ADA-type claims relating to blindness against these two agencies would quite modest. If the agencies don't track complaints by subject matter, that could increase the burden, but the objections to these requests are boilerplate that reflect no actual effort to find out what the scope and burden of a response would be.

Certain issues, while not disputed, also raise concern. The defendants have not yet provided the written portion of their Rule 26(a) disclosures. That is, their initial disclosures consisted only of documents, and significantly lacked the disclosure of witnesses. The defendants have agreed to provide this next week. The defendants have not yet produced the criminal complaints against the plaintiffs, although they represent that they are "continuing to search" for the documents. The plaintiff, who bears the burden of proof, is always more needful of discovery than the defendants. I fear that the plaintiffs will ultimately suffer – through no fault of their own – from the Court's understandable desire to set a date certain for the end of discovery. The need to be understanding of defense counsel's situation was obvious, and I have been, but the fact remains that the defendants' basic discovery obligations are not being fulfilled at the pace they need to be in order to provide the plaintiffs with a fair opportunity to litigate this matter.

---

[2] The defendants produced one document of such policies from the NYPD, which cannot be read because only alternating, odd-numbered pages were produced.

Finally, having conferred, the parties respectfully request an extension of discovery until May 30, 2017.

Respectfully submitted,

David Thompson