

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Elissa B. Jacobs<br>*Special Federal Litigation*<br>(212) 356-3540<br>(212) 788-9776 (fax)<br>ejacobs@law.nyc.gov |

February 22, 2016

By ECF
Honorable Roanne L Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Ruffin, et ano v. City of New York, et al.,
                Davis v. City of New York, et al.

Your Honor:

      I am an Senior Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of The City of New York, representing the defendant The City of New York in these action. I write to oppose plaintiffs' motion for discovery. Plaintiff is seeking discovery on policies from the Department of Homeless Services, documents from non-party Borden Avenue Shelter, and documents related to lawsuits and claims filed against the City. For the reasons discussed herein, plaintiffs' application should be denied.

      Plaintiffs claims stem from their arrest on December 31, 2014. See Complaint, ¶ 3. Plaintiffs claim that police officers entered Mr. Ruffin's room at the Borden Avenue Residence for the homeless. Id. Mr. Ruffin was unable to see the officers who entered his room, and the officers did not explain who they were. Id. ¶¶ 25-26. Mr. Ruffin claims taken from his room by these officers and pulled down the hall faster than he could walk. Id. ¶¶27-29. Mr. Ruffin claims he protested, and then excessive force was used on him. Id. ¶¶ 30-33. Plaintiffs Ali Shabazz and Henry Davis were arrested by the police officers for trying to help Mr. Ruffin. Id. ¶46-48.

      Plaintiffs brought this lawsuit against The City of New York and four John/Jane Doe Police Officers. Plaintiffs have made claims for, *inter alia* false arrest and excessive force. Plaintiffs have brought claims against the City for violations of the Americans with Disaibilities Act because the police officers "who interacted with Plaintiff Claude Ruffin knew he was blind, and therefore disabled" , yet the police officers failed to provide him with accommodations by "verbally identifying themselves as police officers" and failing to "transport plaintiff Ruffin out

of his room . . in a manner consistent with his blindness and physical limitations." Id. ¶¶82, 88. Plaintiffs Shaazz and Davis also make claims under the ADA, claiming they were arrested in retaliation for their protesting of Ruffin's arrest by the police officers. Id. ¶ ¶ 97-99. Plaintiffs also brought a municipal liability claim, stating that the City of New York, "through its police department, have a policy and practice of treating persons with handicaps, such as blindness, deafness, or austism, as criminals." Id. ¶ 137.

First, plaintiffs are seeking documents in the possession of the Borden Avenue Veteran's Residence – a privately run organization funded, at least in part, by the City. Plaintiff claims that because the City funds this organization, any materials are therefore within the City's "control." This is simply untrue, and lacks support. The mere fact that a privately-run organization receives funds from the City does not put these documents within the City's control. "Control" generally means context means "the legal right, authority, or ability to obtain upon demand documents in the possession of another." American Rock Salt Co. v. Norfolk Southern Corp., 228 F.R.D. 426, 460 (W.D.N.Y. 2005). Simply put, the City does not have the ability to demand any documents it wishes from ICL or the Borden Avenue Veteran's Residence, and therefore, the City has no control over these documents. Plaintiffs contentions to the contrary – that the City simply must have some ability to get these documents – have no basis in fact. Furthermore, to the extent that plaintiffs are demanding video from the incident, plaintiffs have misrepresented discussions. Defendant stated that it would either produce the video or identify the private organization that has access to that video. That information has been provided – a security firm that was employed by the Veteran's Residence. However, it is not in defendant's possession as it will not be turned over without a subpoena – a remedy equally available to plaintiffs. To the extent that plaintiffs are seeking information from these private entities, they must do so by means other than discovery requests to the City.

Plaintiffs are also seeking documents from the Department of Homeless Services. However, a review of the Complaint shows that these documents are simply irrelevant to the claims in these cases. Plaintiffs claim that this material is relevant because plaintiffs have claims under the ADA. However, a review of those claims show that these claims are related to his treatment by the NYPD, not to his treatment by the Borden Avenue Veteran's Shelter staff or ICL staff. See Complaint, ¶¶ 80-103. Plaintiffs ADA claims are that the NYPD knew Ruffin was disabled and did not accommodate him by verbally identifying themselves and failing to provide him with safe transport. Plaintiffs make no factual allegations about their housing, about any member of the Shelter staff, or about their housing at the shelter. Any DHS policies are irrelevant to these claims, which, as pled, are solely about conduct by the NYPD.[1]

Finally, plaintiffs are requesting all grievances filed against the NYPD or DHS relating to any failure to accommodate blind people over the last five years. Defendants objected to this

---

[1] Plaintiffs also argue that these materials

request as it is not proportional to the needs of this case, given the burden of investigation that would be involved in identifying this information. As plaintiffs admit, the City usually prevails in making this argument. However, it is not because, as plaintiff implies, there are too many ADA-related lawsuits to search through. Rather, the City does not track lawsuits, notices of claims, or grievances filed in ways that would allow a search be done on the subject matter. Instead, defendant would have to look through each individual lawsuit filed and each individual notice of claim – thousands of documents – in order to respond to this request. The City prevails in objecting to these types of request precisely because this type of search is not proportional to the needs of this case, and therefore should be denied.[2]

Therefore, for the reasons stated above, plaintiffs' motion should be denied.

I thank the Court for its attention to these matters.

Respectfully submitted,

/s

Elissa B. Jacobs

cc: David Thompson        By ECF
    *Attorney for Plaintiff*

---

[2] In addition, claims against DHS are irrelevant for the reasons discussed above.