

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Elissa B. Jacobs**
*Special Federal Litigation*
(212) 356-3540
(212) 356-3509 (fax)
ejacobs@law.nyc.gov

March 20, 2017

**By ECF**
Honorable Roanne L. Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     Claude Ruffin, et ano., v. City of New York, et al.,
        1:16-cv-1538-KAM-RLM
        Henry Davis v. City of New York, et al.
        1:15-cv-1539-KAM-RML

Your Honor:

       I am an Senior Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of The City of New York, representing the defendants in this action   I am writing in response to plaintiffs' motions to Compel as well as the Court's Order to respond to said motions by today, March 20, 2017.  I write to inform the Court that defendant agreed to produce the records prior to plaintiff moving in front of this Court, making plaintiffs' motion moot. Furthermore, the failure to previously produce these documents are due to misinformation that was provided to me, not due to any willful attempt to withhold documents, making sanctions inappropriate

       As plaintiffs' counsel writes, it has come to my attention that records pertaining to this incident are in fact in the possession of the City of New York.  Plaintiff has requested certain documents created by or in the possession of the Borden Avenue Veteran's Residence and the ILC, which runs the BAVR. Prior to this case being filed, plaintiffs filed an application to file a late Notice of Claim in state court.  This application, which was neither granted nor in fact pursued, was handled by another attorney and investigator in this office.  During that investigation, this office obtained documents from the NYPD and the Civilian Complaint

Honorable Judge Mann
Davis v. NYC, et al.
March 20, 2017
Page 2


Review Board.[1]   This office also contacted the BAVR in order to obtain documents.   The investigator was told that in order to obtain documents, she would have to issue a subpoena to this non-party entity.   No subpoena was issued at that time, and no documents were received from the ICL or BAVR.   When discovery began in the Federal cases, I also pursued the investigation.   While called the Department of Homeless Services, and was directed to the legal division.   I requested any documents about this incident, or information about "Mr. Cheeks."   I was told that the information would have to be obtained directly from the private entities, confirming the information previously provided to this office.   Based on this, apparently incorrect, representation, I informed plaintiffs' counsel and the Court that the information was not in defendant's possession, custody or control.

Mr. Thompson contacted me in the evening of Monday, March 9, 2017, with a letter prepared for the Court stating that he had attempted to subpoena documents from the ICL and BAVR and been directed back to the DHS Records Access Officer, stating that he intended to file his letter the next day.   Due to the snowstorm, Mr. Thompson agreed to wait until I was able to speak with the involved parties and to respond to him about the status of the documents.   I have since been in touch with Justin Tuttle from DHS and have requested all of the relevant documents from him.   He is in the process of producing those documents to me in an expedited fashion and we hope to have the documents to plaintiffs by the end of this week.   As these documents are in the process of being produced, there was no need to move to compel the documents.

While this office has apologized to plaintiffs for the confusion and for necessitating the issuance of subpoenas, sanctions against the City would be inappropriate in this situation.   There was no willful attempt to withhold information, but instead it appears that I was provided with incorrect information by someone who was not fully informed about the information that DHS maintains.   Furthermore, plaintiffs suffered only a minor inconvenience by the delay occasioned by this miscommunication.   Plaintiffs' attempts to obtain these documents were delayed by a few weeks – a relatively small amount of time.   Defendant's therefore request that plaintiffs' motion to compel and request for sanctions be denied.

Thank you for your attention to this matter.

Respectfully submitted,

/s

Elissa B. Jacobs

---

[1] All non-privileged documents obtained in the course of this investigation have been provided to plaintiff's counsel.

Honorable Judge Mann
Davis v. NYC, et al.
March 20, 2017
Page 3




cc:     David Thompson Esq.        **By ECF**
        *Attorney for Plaintiffs*