**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
**CLAUDE RUFFIN,**

                          **Plaintiff,**                          **MEMORANDUM
AND ORDER**

    -against-                                                **16-CV-1538 (KAM)**

**THE CITY OF NEW YORK et al.,**

                          **Defendants.**
-----------------------------------------------------------x
**CLAUDE RUFFIN,**

                          **Plaintiff,**                          **MEMORANDUM
AND ORDER**

    -against-                                                **16-CV-1539 (KAM)**

**THE CITY OF NEW YORK et al.,**

                            **Defendants.**
-----------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter-motion filed by plaintiffs in the above-captioned cases, seeking monetary sanctions and attorney's fees against defendants for mistakenly having taken the position that information and materials from the Borden Avenue Veterans Residence ("BAVR") were not within the possession, custody or control of the City of New York. See Second Motion for Discovery (Mar. 15, 2017) ("Pl. Motion"), Electronic Court Filing Docket Entry ("DE") #28. After having apologized for their error, defendants respond that the defense attorney handling this lawsuit, and an investigator involved in the administrative

proceeding predating the commencement of this litigation, had been advised by the Department of Homeless Services (the "DHS") and the BAVR, respectively, that the materials sought would have to be subpoenaed from the BAVR. See Response in Opposition (Mar. 20, 2017) ("Def. Opp."), at 1-2, DE #29.

After considering the factors relevant to the exercise of its broad discretion, this Court concludes that under the circumstances presented here, an award of sanctions and/or expenses would be unjust. Plaintiffs do not contend that the inaccurate information complained of was conveyed willfully or in bad faith. See Pl. Motion at 4. Moreover, upon learning that the materials sought were in fact within the control of a municipal agency (the DHS), defense counsel agreed, before the filing of the pending motion, to produce the records to plaintiffs' counsel. See Def. Opp. at 1. Plaintiffs' counsel concedes that he had prepared his letter-motion to the Court even before conferring in good faith with defense counsel, see Pl. Motion at 1; in doing so, plaintiffs violated the spirit of both the federal and local rules, see Fed. R. Civ. P. 37 (a)(i); E.D.N.Y. Local Civ. R. 37.3(a),[1] and thereby increased the time they expended on this issue. Although plaintiffs complain that "[m]onths have been wasted without progress on one whole area of discovery," Pl. Motion at 4, they overstate the extent of the delay attributable to this particular issue, see Def. Opp. at 2, as distinguished from that arising out of the sudden personal loss suffered by defense counsel at the end of last year, see Response in Opposition (Feb. 3, 2017) at 1, DE #22; Electronic Order (Feb. 6, 2017). Furthermore, in order to afford

---

[1] Moreover, plaintiffs failed to seek permission to file a discovery-related motion that exceeds the three-page limit set in the Local Civil Rules and this Court's Individual Rules. See, e.g., E.D.N.Y. Local Civ. R. 37.3(c).

plaintiffs sufficient time to conduct pretrial discovery, the Court, with defendants' consent, recently granted plaintiffs' request for a three-month extension of fact discovery, which is now scheduled to conclude on May 26, 2017. <u>See</u> Minute Entry (Feb. 28, 2017), DE #27. The prejudice plaintiffs complain of has thus been addressed, and the Court sees no need for any further remedial action.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**April 4, 2017**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**CHIEF UNITED STATES MAGISTRATE JUDGE**